IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MARK FADDIS                                                                    PLAINTIFF

　　　v.                                        CIVIL NO. 06-3025

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                     DEFENDANT

## O R D E R

　　　Plaintiff, Mark Faddis, appealed the Commissioner's denial of benefits to this court.  On

March 14, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant

to sentence four of 42 U.S.C. § 405(g).  (Doc. # 10).  Plaintiff now moves for an award of

$3325.00 in attorney's fees under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter

"EAJA"), requesting compensation for 26.60 attorney hours for work before the court at an hourly

rate of $125.00 and $350.00 in costs.  (Doc. # 13).  The defendant has filed a response, expressing

no objection to this award.  (Doc. # 15).

　　　Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing

social security claimant unless the Commissioner's position in denying benefits was substantially

justified.  The burden is on the Commissioner to show substantial justification for the government's

denial of benefits.  *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986).  Under *Shalala v.*

*Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four

judgment reversing the Commissioner's denial of benefits and remanding the case for further

proceedings is a prevailing party.  After reviewing the record, we find plaintiff is the prevailing

party in this matter.

---

[1]Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of
the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for Commissioner Jo Anne
B. Barnhart as the defendant in this suit.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion

of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C.

§ 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S.

789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat.

186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary
> standard is met, in addition to that allowed by the district court out of a claimant's
> past-due benefits does no more than reimburse the claimant for his or her expenses
> and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985).  Furthermore, awarding fees under

both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing

party's litigation expenses incurred while contesting unreasonable government action.  *Id. See

also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir. 1984).

In determining a reasonable attorney's fee, the court will in each case consider the

following factors:  time and labor required; the difficulty of questions involved; the skill required

to handle the problems presented; the attorney's experience, ability, and reputation; the benefits

resulting to the client from the services; the customary fee for similar services; the contingency or

certainty of compensation; the results obtained; and the amount involved.  *Allen v. Heckler,* 588

F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487

U.S. 552, 573 (1988).  The district court is "in the best position to evaluate counsel's services and

fee request, particularly when the court has had the opportunity to observe firsthand counsel's

AO72A
(Rev. 8/82)

representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir. 1991)*,* quoting *Cotter v. Bowen*, 879 F.2d 359, 361 (8th Cir. 1989).  The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner.  *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir. 1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B).  Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly.  *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour.  *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff requests attorney's fees under the EAJA at a rate of $125.00 an hour.  Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee.  28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court.  *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989).  In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested

3

proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has not attached a summary of the Consumer Price Index as an exhibit and has not presented evidence of an increase in the cost of living. Accordingly, we find that plaintiff's counsel has shown that he is entitled to an hourly rate of $125.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks reimbursement for a total of 4.50 hours of attorney work performed between April 28, 2006, and May 8, 2006. The Complaint was not filed in this court until May 12, 2006. (Doc. # 1). We note that time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, we do note that some of the time submitted was clearly in preparation for the filing of the Complaint with this court and should be allowed. Therefore, we will deduct 2.50 hour.

Likewise, counsel has requested a total of .50 hour for preparing various letters . However, the  court finds that this task could have been performed by support staff. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir. 1987) (work which could have been completed by support staff is not compensable under the EAJA). Therefore, these hours are not compensable under the EAJA. Therefore, .50 attorney hour must be deducted from the total compensable time sought by counsel.

Counsel has also requested 2.50 hours of compensation for the preparation of his EAJA petition. This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases this amount of time to perform. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Therefore, we are deducting 1.00 hour from the total number of compensable hours sought.

4

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 22.60 (26.60-4.00) hours for attorney's fees, at the rate of $125.00 per hour and $350.00 in costs for a total attorney's fee award of $3175.00.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 26th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)